28673.00Y8L2                                                                  Firm No. 412

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ADOLFO ROMO, as Guardian of the<br>Estate of GABRIELLA CEDILLO, a<br>Disabled Person,<br><br>         Plaintiff,<br>v.<br><br>PARAMOUNT PICTURES, D.W. STUDIO<br>PRODUCTIONS LLC, FILM INDUSTRY<br>LOCATION MANAGEMENT SERVICES a/k/a<br>"F.I.L.M.S.," ALLEN NOLAN-COHN,<br>NICHOLAS RAFFERTY, NICHOLAS<br>JAMISON, and RYERSON INC.<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No.  10 L 011309<br>   Removed to Federal Court<br><br>   No.: _____ |

## <u>NOTICE OF REMOVAL</u>

Defendants Paramount Pictures Corporation ("Paramount") and D.W. Studio Productions LLC ("DW"), by and through their attorney, Edward R. Moor of Williams, Montgomery & John Ltd., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof state as follows:

      1.     On October 5, 2010, plaintiff Adolfo Romo, as guardian of the Estate of Gabriela Cedillo, filed a Complaint in the Circuit Court of Cook County, Illinois, Law Division, styled *Adolfo Romo v. Paramount Pictures et al.*, Case. No. 10 L 011309, seeking to recover damages for bodily injuries suffered by Cedillo as a result of an accident that occurred on September 1, 2010 during filming for the motion picture *Transformers 3*. Pursuant to 28 U.S.C. § 1446(a) a copy of the Circuit Court of Cook County court file is attached, including the Complaint, as Exhibit A.

2. Plaintiff provided a copy of the Complaint to counsel for Paramount and DW on October 5, 2010.

3. This Notice has been filed within thirty days of October 5, 2010, as required by 28 U.S.C. § 1446(b).

4. All named defendants are represented by the undersigned and all have consented to removal. *See also* Declarations of Al Cohn, Nicholas Jamison, Nicholas Rafferty and Barbara Rohde attached to the Memorandum in Support of Notice of Removal, incorporated herein by reference.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and the action is between citizens of different States.

6. Based upon the injuries alleged in the Complaint, there is at least a "reasonable probability" that the amount in controversy, exclusive of interest and costs, exceeds $75,000. The Complaint alleges that Cedillo "has become disfigured and disabled," "has endured and will in the future endure pain and suffering," "has suffered a loss of the enjoyment of a normal life," "has been damaged in her capacity to earn a living," and "has incurred and will continue to incur expenses for medical services. Ex. A at 5 (Count 1, ¶ 24), 8 (Count 2, ¶ 25), 11 (Count 3, ¶ 25), 14 (Count 4, ¶ 24), 17 (Count 5, ¶ 24), 20 (Count 6, ¶ 24), and 21 (Count 7, ¶ 21). In addition, plaintiff seeks judgment with respect to each count "in an amount of money in excess of FIFTY THOUSAND DOLLARS ($50,000) as shall represent fair and just compensation." *Id.*

7. In a press release issued by plaintiff's counsel on October 11, 2010, more than a month after the accident causing Cedillo's injuries, plaintiff's counsel stated that Cedillo had suffered "severe open head trauma which resulted in her hospitalization at Loyola University

Medical Center's Intensive Care Unit," that Cedillo "remains unable to walk and can only mouth a few words," and that Cedillo has suffered "serious and permanent brain damage." *See* Ex. B.

8.     Given the severe and permanent nature of Cedillo's alleged injuries, it is highly probable that the amount in controversy substantially exceeds the jurisdictional minimum. *See, e.g., Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (finding amount in controversy exceeded $75,000 where complaint alleged "severe and permanent" injuries to plaintiff's head, ribs and back, as well as damages for pain and suffering, lost wages and past and future medical expenses); *Hoidas v. Wal-Mart Stores, Inc.*, 2010 WL 1790864, at *2-3 (N.D. Ill. April 30, 2010) (finding amount in controversy threshold satisfied where plaintiff alleged she "'sustained severe and permanent injuries,' . . . will be 'hindered and prevented from attending to her usual duties and affairs of life,' . . . has 'suffered a decreased earning capacity,' . . . has suffered 'great pain and anguish, both in mind and body, and will in the future continue to suffer' such pain and anguish, and . . . has expended and will expend 'large sums of money for medical care and services'").

9.     Cedillo is, and at all relevant times was, a resident of Chicago, Illinois. *See* Ex. A at 1.  Plaintiff, who upon information and belief also resides in Illinois, is deemed a citizen of Illinois because he brings this action as guardian of Cedillo's estate. *See* 28 U.S.C. § 1332(c)(2); *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990).

10.     Defendant Paramount is, and at all relevant times was, a Delaware Corporation with its principal place of business in California. *See* Ex. C, Declaration of Karen Magid ("Magid Decl.") ¶ 4 .  Therefore, Paramount is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1); *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 385 F.3d 737, 741 (7th Cir. 2004).

11.     Defendant DW is, and at all relevant times was, a Delaware Limited Liability Company, with its principal place of business in California. *See* Ex. C, Magid Decl. ¶5. As such, DW's citizenship is based on the citizenship of each of its members. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). DW has two members: Blue Sea Productions, Inc., which is, and at all relevant times was, a Delaware Corporation with its principal place of business in California; and D.W. Studios, LLC, which is, and at all relevant times was, a Delaware Limited Liability Corporation with its principal place of business in California. *See* Ex. C, Magid Decl. ¶¶ 7-8. D.W. Studios, LLC has two members: DW One Corp. and DW Two Corp., both of which are, and at all relevant times were, Delaware corporations with their principal places of business in New York. *See* Ex. C, Magid Decl. ¶ 9. Accordingly, D.W. is a citizen of Delaware, California and New York. *See Thomas*, 487 F.3d at 534.

12.     The other named defendants—Film Industry Location Management Services a/k/a "F.I.L.M.S.," Allen Nolan-Cohn, Nicholas Rafferty, Nicholas Jamison, and Ryerson Inc.—have been fraudulently joined in this action. These defendants had no involvement in the accident causing Cedillo's injuries, and there is no reasonable probability that the Illinois Court would find against these defendants. *See* Memorandum in Support of Notice of Removal, filed concurrently herewith. Accordingly, the citizenship of these defendants is properly disregarded. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).

13.     Pursuant to 28 U.S.C. § 1441(b), the United States District Court for the Northern District of Illinois is the appropriate court for filing of a Notice of Removal from the Circuit Court of Cook County, Illinois, where this action is pending.

14.    Pursuant to 28 U.S.C. § 1446(d), Paramount and DW will serve upon plaintiff, through his attorney of record, written notice of the filing of this Notice of Removal, and PARAMOUNT and DW will file written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, attaching thereto a copy of this Notice.

15.    In the action below, only Ryerson Inc. was served with process, but none of the named defendants appeared or answered in the state court action.

16.    Pursuant to 28 U.S.C. § 1441, this action is removable to the United States District Court for the Northern District of Illinois, Eastern Division.

WHEREFORE, Paramount Pictures Corporation and D.W. Studios Productions LLC, by counsel, give notice that the matter styled as *Romo v. Paramount Pictures, et al.,* Case No. 10 L 011309, which was pending in the Circuit Court of Cook County, Illinois, is removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

WILLIAMS MONTGOMERY & JOHN LTD.

By:    _____/s/ Edward R. Moor_____
           Edward R. Moor, ARDC#6205169

WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Paramount Pictures Corporation and
D.W. Studio Productions LLC
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
312-899-5767
312-630-8567 (fax)

Doc ID 907564

28673.00Y8L2/emm                                              Firm No. 412

### Certificate of Service

The undersigned hereby certifies that a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF System on the 26th day of October, 2010 and a copy of same has been served on the following via U.S. Mail:

Todd A. Smith, Devon C. Bruce
Power Rogers & Smith
70 West Madison Street, #5500
Chicago, Illinois 60602

By:      /s/ *Edward R. Moor*
         Edward R. Moor, ARDC#6205169

WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Paramount Pictures Corporation
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
Tel: 312-443-3200
Fax: 312-443-1323

# EXHIBIT

# -A-

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ADOLFO ROMO, as Guardian of the )
Estate of GABRIELA CEDILLO, a Disabled )
Person, )
                               )
         Plaintiff, )
                               )
v. )             No. _____
                               )
PARAMOUNT PICTURES, D.W. STUDIO )
PRODUCTIONS LLC, FILM INDUSTRY )
LOCATION MANAGEMENT SERVICES a/k/a )
"F.I.L.M.S.", ALLEN NOLAN- COHN, )
NICHOLAS RAFFERTY, NICHOLAS )
JAMISON and RYERSON INC., )
                               )
         Defendants. )

2010L011309
CALENDAR/ROOM F
TIME 00:00
PI Other

CIVIL ACTION COVER SHEET

A Civil Action Cover Sheet shall be filed with the complaint in all civil actions in the Law Division. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate general category and then check the sub-category thereunder, if applicable, which best characterizes your action.

[ x ] Jury Demand - Fee Paid
[ ] Jury Demand - No Fee Required

[ ] PERSONAL INJURY/WRONGFUL DEATH

     [ ] 027 Motor Vehicle
     [ ] 040 Medical Malpractice
     [ ] 047 Asbestos
     [ ] 048 Dram Shop
     [ ] 049 Product Liability
     [ ] 051 Construction Injuries
           (including Structural Work Act, Road
           Construction Injuries Act and negligence)

     [ ] 052 Railroad/FELA
     [ x ] 061 Other Personal Injury/Wrongful Death
     [ ] 063 Intentional Tort
     [ ] 064 Miscellaneous Statutory Action
           (Please Specify)
           _____

     [ ] 065 Premises Liability

[ ] 062 PROPERTY DAMAGE
[ ] 077 LIBEL/SLANDER
[ ] 066 LEGAL MALPRACTICE

[ ] MISCELLANEOUS REMEDIES
     [ ] 007 Confession of Judgment
     [ ] 008 Replevin
     [ ] 009 Tax
     [ ] 015 Condemnation
     [ ] 017 Detinue
     [ ] 018 Distress for Rent
     [ ] 036 Administrative Review Action
     [ ] 041 Class Action
     [ ] 084 Petition to Issue Subpoena
     [ ] 085 Petition to Register Foreign Judgment
     [ ] 099 All other Extraordinary Remedies
     [ ] 100 Petition for Discovery

[ ] COMMERCIAL LITIGATION

     [ ] 002 Breach of Contract
     [ ] 070 Professional Malpractice
     (other than legal or medical)
     [ ] 071 Fraud
     [ ] 072 Consumer Fraud
     [ ] 073 Breach of Warranty
     [ ] 074 Statutory Action
           (Please Specify)
           _____

     [ ] 075 Other Commercial Litigation
           (Please Specify)
           _____

     [ ] 076 Retaliatory Discharge

POWER ROGERS & SMITH, P.C. #31444

By: _Todd A. Smith_
     Todd A. Smith
     70 W. Madison Street, #5500
     Chicago, IL 60602

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ADOLFO ROMO, as Guardian of the )
Estate of GABRIELA CEDILLO, a Disabled )
Person, )
                                     )
          Plaintiff, )
                                      )
v. )       No. _____
                                      )
PARAMOUNT PICTURES, D.W. STUDIO )
PRODUCTIONS LLC, FILM INDUSTRY )
LOCATION MANAGEMENT SERVICES a/k/a )
"F.I.L.M.S.", ALLEN NOLAN- COHN, )
NICHOLAS RAFFERTY, NICHOLAS )
JAMISON and RYERSON INC., )
                                      )
          Defendants. )
                                      )

2010L011309
CALENDAR/ROOM F
TIME 00:00
PI Other

## COMPLAINT

Now comes the plaintiff, ADOLFO ROMO, as Guardian of the Estate of GABRIELA CEDILLO, a Disabled Person, by and through his counsel, POWER, ROGERS & SMITH, pleading hypothetically and in the alternative states as follows:

### Counts

Count I- Negligence Paramount Pictures
Count II- Negligence- D. W. Studio Productions, LLC
Count III- Negligence- Film Industry Location Management Services a/k/a "F.I.L.M.S."
Count IV- Negligence- Allen Nolan-Cohn
Count V- Negligence- Nicholas Rafferty
Count VI- Negligence- Nicholas Jamison
Count VII- Ryerson, Inc.

### Parties

1.      On or about September 1, 2010, plaintiff, Gabriela Cedillo, a disabled person, was at all relevant times a resident of Chicago, Cook County, Illinois.

2.      On or about September 1, 2010, defendant Paramount Pictures was in the business of producing motion pictures including the Transformers 3 movie in Chicago, IL during the Summer of 2010.

3.      On or about September 1, 2010, defendant DW Studio Productions LLC was in the business of providing the technical work, supervision, execution and production of sets,

props and filming for the motion picture industry including the Transformers 3 movie in Chicago, IL during the Summer of 2010.

4.    On or about September 1, 2010, defendant DW Studio Productions LLC was located at 215 West Ohio Street, Chicago, IL 60654.

5.    On or about August 31 and September 1, 2010, defendant Ryerson Inc. (hereinafter "Ryerson") was involved in the process of preparation and assistance in providing, *inter alia*, facilities and/or equipment for motion picture instrumentalities including the participation in aiding in the storage for preparation and design, development and attachment of brackets on the stunt cars.

6.    On or about August 31 and September 1, 2010, defendant Ryerson Inc. was located at 2558 W. 16th Street, Chicago, IL.

7.    On or about September 1, 2010, defendant Allen Nolan-Cohn, defendant Nick Rafferty and defendant Nick Jamison and each of them were location managers for the filming of Transformers 3.

8.    On or about September 1, 2010, defendant Allen Nolan-Cohn was at all relevant times a resident of Chicago, Cook County, Illinois.

9.    On or about September 1, 2010, defendant Film Industry Location Management Services a/k/a "F.I.L.M.S." was a corporation in the business of providing management services for the motion picture industry.

10.   On or about September 1, 2010, defendant Film Industry Location Management Services a/k/a "F.I.L.M.S." was located in Chicago, Cook County, Illinois.

11.   On or about September 1, 2010, defendant Nicholas Rafferty was at all relevant times a resident of Cook County, Illinois.

12.   On or about September 1, 2010, defendant Nicholas Jamison was at all relevant times a resident of Cook County, Illinois.

## Count I
### (Negligence- Paramount Pictures)

1.    Prior to September 1, 2010 and specifically in June 2010, plaintiff, a disabled person, Gabriella Cedillo, had agreed to work as an "extra" on the set of the Transformers 3 movie while it was being filmed in the Chicagoland area.

2.    Between approximately July 16, 2010 and September 1, 2010, defendant Paramount Pictures filmed the Transformers 3 movie in Chicago, Cook County, Illinois.

2

3.  Prior to September 1, 2010, defendant Paramount Pictures had obtained over 20 permits from the City of Chicago to film portions of the Transformers 3 movie in the City of Chicago, Cook County, Illinois.

4.  Between approximately July 16, 2010 and September 1, 2010, defendants Allen Nolan-Cohn, Nicholas Rafferty and Nicholas Jamison applied for the aforementioned permits.

5.  On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting as the agents and/or employees of Paramount Pictures.

6.  On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting in the course and scope of their agency and/or employment relationship with defendant Paramount Pictures.

7.  On and prior to September 1, 2010, defendant Paramount Pictures owed a duty of care for the safety of the individuals working on its sets during the film production of Transformers 3 including Gabriela Cedillo and all "extras".

8.  On and prior to September 1, 2010, defendant Paramount Pictures owed a duty of care to properly train and safeguard "extra" personnel utilized in the filming of the Transformers 3 movie.

9.  On and prior to September 1, 2010, defendant Paramount Pictures required that certain "extras", including Gabriela Cedillo, who worked on the Transformers 3 movie set utilize their own vehicles.

10. On September 1, 2010, defendant Paramount Pictures filmed a scene in Hammond, Indiana on Cline Avenue.

11. On September 1, 2010, Gabriela Cedillo was an "extra" on the Transformers 3 movie set as aforesaid.

12. On September 1, 2010 and at all relevant times, Gabriela Cedillo was using her own car and acted as instructed by the defendant Paramount Pictures crew.

13. On and prior to September 1, 2010, Gabriela Cedillo assumed no risk of injury in performing her duties as an extra on the Transformers 3 movie set.

14. On September 1, 2010 and during the filming of a scene on Cline Avenue, a stunt car was being pulled by the use of a cable extended from a flatbed truck.

15. On September 1, 2010, the aforesaid steel cable which pulled the stunt car was attached

3

by a welded metal bracket to the rear axle of the stunt car.

16.   On and prior to September 1, 2010, defendant Paramount Pictures by and through its agents and employees welded a metal bracket on to the bottom of the aforesaid stunt car.

17.   On September 1, 2010, defendant Paramount Pictures as part of a scene in their film intentionally crashed the aforesaid stunt car at a speed in excess of 50 mph by a violent pulling of the cable connections.

18.   On September 1, 2010, defendant Paramount Pictures knew or should have known that the crashing of a stunt car within 50 feet of "extras", including Gabriela Cedillo, or other film crew personnel posed a significant safety risk.

19.   On September 1, 2010, defendant Paramount Pictures knew or should have known that crashing a stunt car at over 50 mph within 50 fee of "extras" or other film persons could cause injury or bodily harm to the individuals on the set.

20.   On September 1, 2010, and during the aforesaid stunt, the metal welding on the bracket of the stunt car separated and caused a metal portion to become dislodged and airborne.

21.   On September 1, 2010, the stunt car traveled eastbound and Gabriela Cedillo traveled westbound and the distance between them closed to within 50 feet of one another.

22.   On September 1, 2010, the aforesaid metal bracket portion involved traveled into the motor vehicle operated by Gabriela Cedillo, striking her and causing her serious personal injuries.

23.   On or about September 11, 2010, defendant Paramount Pictures was negligent in one or more of the following respects:

   A.   Failed to properly weld the metal bracket to the stunt car; or

   B.   Failed to utilize the appropriate materials to weld the metal bracket on the stunt car; or

   C.   Failed to provide adequate safety precautions for personnel on the set including Gabriela Cedillo during the filming of Transformers 3; or

   D.   Failed to keep all personnel on the Transformers 3 set at a safe distance from any foreseeable moving parts; or

   E.   Failed to draft, implement and enforce proper safety procedures to protect personnel on the set; or

   F.   Allowed a stunt car to be pulled at a speed in excess of 50 mph and then crashed

4

the stunt car such that extras including Gabriela Cedillo would be in close proximity to the crashing vehicle involved.

G. Allowed untrained extras to drive their own vehicles within close proximity to a violent stunt including large vehicles;

H. Failed to properly design their bracket attachment; or

I. Used an improperly designed attachment; or

J. Was otherwise negligent.

24. As a direct and proximate result of one or more of the foregoing acts and/or omissions, GABRIELA CEDILLO was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has been damaged in her capacity to earn a living; has incurred and will in the future incur expenses for medical services, all of which are permanent in nature.

WHEREFORE, Plaintiff, RUDOLFO CEDILLO, as Guardian of the Estate of GABRIELA CEDILLO, a Disabled Person, demands judgment against Defendant, Paramount Pictures, in an amount of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

5

## Count II
### (Negligence- D. W. Studio Productions, LLC)

1. Prior to September 1, 2010 and specifically in June 2010, plaintiff, a disabled person, Gabriella Cedillo, had agreed to work as an "extra" on the set of the Transformers 3 movie while it was being filmed in the Chicagoland area.

2. Between approximately July 16, 2010 and September 1, 2010, defendant Paramount Pictures filmed the Transformers 3 movie in Chicago, Cook County, Illinois.

3. Prior to September 1, 2010, defendant Paramount Pictures had obtained over 20 permits from the City of Chicago to film portions of the Transformers 3 movie in the City of Chicago, Cook County, Illinois.

4. Between approximately July 16, 2010 and September 1, 2010, defendants Allen Nolan-Cohn, Nicholas Rafferty and Nicholas Jamison applied for the aforementioned permits.

5. On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting as the agents and/or employees of Paramount Pictures.

6. On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting in the course and scope of their agency and/or employment relationship with defendant Paramount Pictures.

7. On and prior to September 1, 2010, defendant D.W. Studio Productions LLC hired as the agents and/or employees Allen Nolan-Cohn, Nicholas Rafferty and Nicholas Jamison.

8. On and prior to September 1, 2010, defendant D.W. Studio Productions LLC owed a duty of care for the safety of the individuals working on its sets during the film production of Transformers 3 including Gabriela Cedillo and all "extras".

9. On and prior to September 1, 2010, defendant D. W. Studio Productions LLC owed a duty of care to properly train and safeguard "extra" personnel utilized in the filming of the Transformers 3 movie.

10. On and prior to September 1, 2010, defendant D. W. Studio Productions LLC required that certain "extras", including Gabriela Cedillo, who worked on the Transformers 3 movie set utilize their own vehicles.

11. On September 1, 2010, defendant D. W. Studio Productions LLC filmed a scene in Hammond, Indiana on Cline Avenue.

12. On September 1, 2010, Gabriela Cedillo was an "extra" on the Transformers 3 movie set as aforesaid.

13. On September 1, 2010 and at all relevant times, Gabriela Cedillo was using her own car and acted as instructed by the defendant Paramount Pictures crew and D.W. Studio Productions LLC personnel.

14. On and prior to September 1, 2010, Gabriela Cedillo assumed no risk of injury in performing her duties as an extra on the Transformers 3 movie set.

15. On September 1, 2010 and during the filming of a scene on Cline Avenue, a stunt car was being pulled by the use of a cable extended from a flatbed truck.

16. On September 1, 2010, the aforesaid steel cable which pulled the stunt car was attached by a welded metal bracket to the rear axle of the stunt car.

17. On and prior to September 1, 2010, defendant D. W. Studio Productions LLC by and through its agents and employees welded a metal bracket on to the bottom of the aforesaid stunt car.

18. On September 1, 2010, defendant D. W. Studio Productions LLC, as art of a scene in the film, intentionally crashed the aforesaid stunt car at a speed in excess of 50 mph by a violent pulling of the cable connections.

19. On September 1, 2010, defendant D. W. Studio Productions LLC knew or should have known that the intentional crashing of a stunt car within 50 feet of "extras", including Gabriela Cedillo, or other film crew personnel posed a significant safety risk.

20. On September 1, 2010, defendant D. W. Studio Productions LLC knew or should have known that crashing a stunt car at over 50 mph within 50 fee of "extras" or other film persons could cause injury or bodily harm to the individuals on the set.

21. On September 1, 2010, and during the aforesaid stunt, the metal welding on the bracket of the stunt car separated and caused a metal portion to become dislodged and airborne.

22. On September 1, 2010, the stunt car traveled eastbound and Gabriela Cedillo traveled westbound and the distance between them closed to within 50 feet of one another.

23. On September 1, 2010, the aforesaid metal bracket portion involved traveled into the motor vehicle operated by Gabriela Cedillo, striking her and causing her serious personal injuries.

24. On or about September 11, 2010, defendant D. W. Studio Productions LLC was negligent in one or more of the following respects:

A.   Failed to properly weld the metal bracket to the stunt car; or

B.   Failed to utilize the appropriate materials to weld the metal bracket on the stunt car; or

C.   Failed to provide adequate safety precautions for personnel on the set including Gabriela Cedillo during the filming of Transformers 3; or

D.   Failed to keep all personnel on the Transformers 3 set at a safe distance from any foreseeable moving parts; or

E.   Failed to draft, implement and enforce proper safety procedures to protect personnel on the set; or

F.   Allowed a stunt car to be pulled at a speed in excess of 50 mph and then crashed the stunt car such that extras including Gabriela Cedillo would be in close proximity to the crashing vehicles involved; or

G.   Allowed untrained extras to drive their own vehicles within close proximity to a violent stunt involving large vehicles; or

H.   Failed to properly design their bracket attachment; or

I.   Used an improperly designed attachment; or

J.   Was otherwise negligent.

25.   As a direct and proximate result of one or more of the foregoing acts and/or omissions, GABRIELA CEDILLO was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has been damaged in her capacity to earn a living; has incurred and will in the future incur expenses for medical services, all of which are permanent in nature.

WHEREFORE, Plaintiff, RUDOLFO CEDILLO, as Guardian of the Estate of GABRIELA CEDILLO, a Disabled Person, demands judgment against Defendant, D. W. Studio Productions, LLC, in an amount of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

8

## Count III
### (Negligence- Film Industry Location Management Services a/k/a "F.I.L.M.S.")

1. Prior to September 1, 2010 and specifically in June 2010, plaintiff, a disabled person, Gabriella Cedillo, had agreed to work as an "extra" on the set of the Transformers 3 movie while it was being filmed in the Chicagoland area.

2. Between approximately July 16, 2010 and September 1, 2010, defendant Paramount Pictures filmed the Transformers 3 movie in Chicago, Cook County, Illinois.

3. On and prior to September 1, 2010, defendant Paramount Pictures and D.W. Studio Production LLC retained Film Industry Location Management Services a/k/a "F.I.L.M.S." (hereinafter known as "F.I.L.M.S.") for the filming of Transformers 3.

4. Prior to September 1, 2010, defendant Paramount Pictures had obtained over 20 permits from the City of Chicago to film portions of the Transformers 3 movie in the City of Chicago, Cook County, Illinois.

5. Between approximately July 16, 2010 and September 1, 2010, defendants Allen Nolan-Cohn, Nicholas Rafferty and Nicholas Jamison applied for the aforementioned permits.

6. On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting as the agents and/or employees of Paramount Pictures.

7. On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting in the course and scope of their agency and/or employment relationship with defendant Paramount Pictures.

8. On and prior to September 1, 2010, defendant F.I.L.M.S. owed a duty of care for the safety of the individuals working on its sets during the film production of Transformers 3 including Gabriela Cedillo and all "extras".

9. On and prior to September 1, 2010, defendant F.I.L.M.S. owed a duty of care to properly train and safeguard "extra" personnel utilized in the filming of the Transformers 3 movie.

10. On and prior to September 1, 2010, defendant F.I.L.M.S. required that certain "extras", including Gabriela Cedillo, who worked on the Transformers 3 movie set utilize their own vehicles.

11. On September 1, 2010, defendant F.I.L.M.S. participated in the filming of a scene for Transformers 3 on Cline Avenue in Hammond, Indiana.

12. On September 1, 2010, Gabriela Cedillo was an "extra" on the Transformers 3 movie set as aforesaid.

13. On September 1, 2010 and at all relevant times, Gabriela Cedillo was using her own car and acted as instructed by the defendant Paramount Pictures crew.

14. On and prior to September 1, 2010, Gabriela Cedillo assumed no risk of injury in performing her duties as an extra on the Transformers 3 movie set.

15. On September 1, 2010 and during the filming of a scene on Cline Avenue, a stunt car was being pulled by the use of a cable extended from a flatbed truck.

16. On September 1, 2010, the aforesaid steel cable which pulled the stunt car was attached by a welded metal bracket to the rear axle of the stunt car.

17. On and prior to September 1, 2010, defendant F.I.L.M.S. by and through its agents and employees welded a metal bracket on to the bottom of the aforesaid stunt car.

18. On September 1, 2010, defendant F.I.L.M.S. as part of a scene in the film intentionally crashed the aforesaid stunt car at a speed in excess of 50 mph. by a violent pulling of the cable connections.

19. On September 1, 2010, defendant F.I.L.M.S. knew or should have known that the crashing of a stunt car within 50 feet of "extras", including Gabriela Cedillo, or other film crew personnel posed a significant safety risk.

20. On September 1, 2010, defendant F.I.L.M.S. knew or should have known that crashing a stunt car at over 50 mph within 50 fee of "extras" or other film persons could cause injury or bodily harm to the individuals on the set.

21. On September 1, 2010, and during the aforesaid stunt, the metal welding on the bracket of the stunt car separated and caused a metal portion to become dislodged and airborne.

22. On September 1, 2010, the stunt car traveled eastbound and Gabriela Cedillo traveled westbound and the distance between them closed to within 50 feet of one another.

23. On September 1, 2010, the aforesaid metal bracket portion traveled into the motor vehicle operated by Gabriela Cedillo, striking her and causing her serious personal injuries.

24. On or about September 11, 2010, defendant F.I.L.M.S. was negligent in one or more of the following respects:

    A. Failed to properly weld the metal bracket to the stunt car; or

B. Failed to utilize the appropriate materials to weld the metal bracket on the stunt car; or

C. Failed to provide adequate safety precautions for personnel on the set including Gabriela Cedillo during the filming of Transformers 3; or

D. Failed to keep all personnel on the Transformers 3 set at a safe distance from any foreseeable moving parts; or

E. Failed to draft, implement and enforce proper safety procedures to protect personnel on the set; or

F. Allowed a stunt car to be pulled at a speed in excess of 50 mph and then crashed the stunt car such that extras including Gabriela Cedillo would be in close proximity to the crashing vehicles involved; or

G. Allowed untrained extras to drive their own vehicles within close proximity to a violent stunt involving large vehicles; or

H. Failed to properly design their bracket attachment; or

I. Used an improperly designed attachment; or

J. Failed to comply with local rules and regulations required by their permits; or

K. Was otherwise negligent.

25. As a direct and proximate result of one or more of the foregoing acts and/or omissions, GABRIELA CEDILLO was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has been damaged in her capacity to earn a living; has incurred and will in the future incur expenses for medical services, all of which are permanent in nature.

WHEREFORE, Plaintiff, RUDOLFO CEDILLO, as Guardian of the Estate of GABRIELA CEDILLO, a Disabled Person, demands judgment against Defendant, Film Industry Location Management Services a/k/a "F.I.L.M.S.", in an amount of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

## Count IV
### (Negligence- Allen Nolan-Cohn)

1.    Prior to September 1, 2010 and specifically in June 2010, plaintiff, a disabled person, Gabriella Cedillo, had agreed to work as an "extra" on the set of the Transformers 3 movie while it was being filmed in the Chicagoland area.

2.    Between approximately July 16, 2010 and September 1, 2010, defendant Paramount Pictures filmed the Transformers 3 movie in Chicago, Cook County, Illinois.

3.    Prior to September 1, 2010, defendant Paramount Pictures had obtained over 20 permits from the City of Chicago to film portions of the Transformers 3 movie in the City of Chicago, Cook County, Illinois.

4.    Between approximately July 16, 2010 and September 1, 2010, defendants Allen Nolan-Cohn, Nicholas Rafferty and Nicholas Jamison applied for the aforementioned permits.

5.    On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting as the agents and/or employees of Paramount Pictures.

6.    On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting in the course and scope of their agency and/or employment relationship with defendant Paramount Pictures.

7.    On and prior to September 1, 2010, defendant Allen Nolan-Cohn owed a duty of care for the safety of the individuals working on its sets during the film production of Transformers 3 including Gabriela Cedillo and all "extras".

8.    On and prior to September 1, 2010, defendant Allen Nolan-Cohn owed a duty of care to properly train and safeguard "extra" personnel utilized in the filming of the Transformers 3 movie.

9.    On and prior to September 1, 2010, defendant Allen Nolan-Cohn required that certain "extras", including Gabriela Cedillo, who worked on the Transformers 3 movie set utilize their own vehicles.

10.    On September 1, 2010, defendants Paramount Pictures, D. W. Studio Productions LLC and/or Film Industry Location Management Services a/k/a "F.I.L.M.S." filmed a scene in Hammond, Indiana on Cline Avenue.

11.    On September 1, 2010, Gabriela Cedillo was an "extra" on the Transformers 3 movie set as aforesaid.

12.     On September 1, 2010 and at all relevant times, Gabriela Cedillo was using her own car and acted as instructed by the defendant Paramount Pictures crew.

13.     On and prior to September 1, 2010, Gabriela Cedillo assumed no risk of injury in performing her duties as an extra on the Transformers 3 movie set.

14.     On September 1, 2010 and during the filming of a scene on Cline Avenue, a stunt car was being pulled by the use of a cable extended from a flatbed truck.

15.     On September 1, 2010, the aforesaid steel cable which pulled the stunt car was attached by a welded metal bracket to the rear axle of the stunt car.

16.     On and prior to September 1, 2010, defendants Paramount Pictures, D. W. Studio Productions LLC and/or Ryerson Inc. by and through its agents and employees welded a metal bracket on to the bottom of the aforesaid stunt car.

17.     On September 1, 2010, defendants Paramount Pictures and/or D. W. Studio Productions LLC as part of a scene in the film intentionally crashed the aforesaid stunt car at a speed in excess of 50 mph by a violent pulling of the cable connections.

18.     On September 1, 2010, defendant Allen Nolan-Cohn knew or should have known that the crashing of a stunt car within 50 feet of "extras", including Gabriela Cedillo, or other film crew personnel posed a significant safety risk.

19.     On September 1, 2010, defendant Allen Nolan-Cohn knew or should have known that crashing a stunt car at over 50 mph within 50 fee of "extras" or other film persons could cause injury or bodily harm to the individuals on the set.

20.     On September 1, 2010, and during the aforesaid stunt, the metal welding on the bracket of the stunt car separated and caused a metal portion to become dislodged and airborne.

21.     On September 1, 2010, the stunt car traveled eastbound and Gabriela Cedillo traveled westbound are the distance between them closed to within 50 feet of one another.

22.     On September 1, 2010, the aforesaid metal bracket portion involved traveled into the motor vehicle operated by Gabriela Cedillo, striking her and causing her serious personal injuries.

23.     On or about September 11, 2010, defendant Allen Nolan-Cohn was negligent in one or more of the following respects with respect to his status as a location manager and otherwise:

    A.     Failed to properly weld the metal bracket to the stunt car; or

    B.     Failed to utilize the appropriate materials to weld the metal bracket on the stunt

13

car; or

C.   Failed to provide adequate safety precautions for personnel on the set including Gabriela Cedillo during the filming of Transformers 3; or

D.   Failed to keep all personnel on the Transformers 3 set at a safe distance from any foreseeable moving parts; or

E.   Failed to draft, implement and enforce proper safety procedures to protect personnel on the set; or

F.   Allowed a stunt car to be pulled at a speed in excess of 50 mph and then crashed the stunt car such that extras including Gabriela Cedillo would be in close proximity to the crashing vehicles involved; or

G.   Allowed untrained extras to drive their own vehicles within close proximity to a violent stunt involving large vehicles; or

H.   Failed to properly design their bracket attachment; or

I.   Used an improperly designed attachment; or

J.   Failed to comply with the rules and regulations he agreed to comply with pursuant to the permitting process with local government; or

K.   Was otherwise negligent.

24.   As a direct and proximate result of one or more of the foregoing acts and/or omissions, GABRIELA CEDILLO was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has been damaged in her capacity to earn a living; has incurred and will in the future incur expenses for medical services, all of which are permanent in nature.

WHEREFORE, Plaintiff, RUDOLFO CEDILLO, as Guardian of the Estate of GABRIELA CEDILLO, a Disabled Person, demands judgment against Defendant, Allen Nolan-Cohn, in an amount of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

14

**Count V**
**(Negligence- Nicholas Rafferty)**

1.  Prior to September 1, 2010 and specifically in June 2010, plaintiff, a disabled person, Gabriella Cedillo, had agreed to work as an "extra" on the set of the Transformers 3 movie while it was being filmed in the Chicagoland area.

2.  Between approximately July 16, 2010 and September 1, 2010, defendant Paramount Pictures filmed the Transformers 3 movie in Chicago, Cook County, Illinois.

3.  Prior to September 1, 2010, defendant Paramount Pictures had obtained over 20 permits from the City of Chicago to film portions of the Transformers 3 movie in the City of Chicago, Cook County, Illinois.

4.  Between approximately July 16, 2010 and September 1, 2010, defendants Allen Nolan-Cohn, Nicholas Rafferty and Nicholas Jamison applied for the aforementioned permits.

5.  On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting as the agents and/or employees of Paramount Pictures.

6.  On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting in the course and scope of their agency and/or employment relationship with defendant Paramount Pictures.

7.  On and prior to September 1, 2010, defendant Nicholas Rafferty owed a duty of care for the safety of the individuals working on its sets during the film production of Transformers 3 including Gabriela Cedillo and all "extras".

8.  On and prior to September 1, 2010, defendant Nicholas Rafferty owed a duty of care to properly train and safeguard "extra" personnel utilized in the filming of the Transformers 3 movie.

9.  On and prior to September 1, 2010, defendant Nicholas Rafferty required that certain "extras", including Gabriela Cedillo, who worked on the Transformers 3 movie set utilize their own vehicles.

10. On September 1, 2010, defendants Paramount Pictures, D. W. Studio Productions LLC and/or Film Industry Location Management Services a/k/a "F.I.L.M.S." filmed a scene in Hammond, Indiana on Cline Avenue.

11. On September 1, 2010, Gabriela Cedillo was an "extra" on the Transformers 3 movie set as aforesaid.

15

12. On September 1, 2010 and at all relevant times, Gabriela Cedillo was using her own car and acted as instructed by the defendant Paramount Pictures crew.

13. On and prior to September 1, 2010, Gabriela Cedillo assumed no risk of injury in performing her duties as an extra on the Transformers 3 movie set.

14. On September 1, 2010 and during the filming of a scene on Cline Avenue, a stunt car was being pulled by the use of a cable extended from a flatbed truck.

15. On September 1, 2010, the aforesaid steel cable which pulled the stunt car was attached by a welded metal bracket to the rear axle of the stunt car.

16. On and prior to September 1, 2010, defendants Paramount Pictures, D. W. Studio Productions LLC and/or Ryerson, Inc. by and through its agents and employees welded a metal bracket on to the bottom of the aforesaid stunt car.

17. On September 1, 2010, defendants Paramount Pictures and/or D. W. Studio Productions LLC as part of a scene in their film intentionally crashed the aforesaid stunt car at a speed in excess of 50 mph. by a violent pulling of the cable connections.

18. On September 1, 2010, defendant Nicholas Rafferty knew or should have known that the crashing of a stunt car within 50 feet of "extras", including Gabriela Cedillo, or other film crew personnel posed a significant safety risk.

19. On September 1, 2010, defendant Nicholas Rafferty knew or should have known that crashing a stunt car at over 50 mph within 50 fee of "extras" or other film persons could cause injury or bodily harm to the individuals on the set.

20. On September 1, 2010, and during the aforesaid stunt, the metal welding on the bracket of the stunt car separated and caused a metal portion to become dislodged and airborne.

21. On September 1, 2010, the stunt car traveled eastbound and Gabriela Cedillo traveled westbound and the distance between them closed to within 50 feet of one another.

22. On September 1, 2010, the aforesaid metal bracket portion involved traveled into the motor vehicle operated by Gabriela Cedillo, striking her and causing her serious personal injuries.

23. On or about September 11, 2010, defendant Nicholas Rafferty was negligent in one or more of the following respects with respect to his status as a location manager and otherwise:

    A.    Failed to properly weld the metal bracket to the stunt car; or

B.   Failed to utilize the appropriate materials to weld the metal bracket on the stunt car; or

C.   Failed to provide adequate safety precautions for personnel on the set including Gabriela Cedillo during the filming of Transformers 3; or

D.   Failed to keep all personnel on the Transformers 3 set at a safe distance from any foreseeable moving parts; or

E.   Failed to draft, implement and enforce proper safety procedures to protect personnel on the set; or

F.   Allowed a stunt car to be pulled at a speed in excess of 50 mph and then crashed the stunt car such that extras including Gabriela Cedillo would be in close proximity to the crashing vehicles involved; or

G.   Allowed untrained extras to drive their own vehicles within close proximity to a violent stunt involving large vehicles; or

H.   Failed to properly design their bracket attachment; or

I.   Used an improperly designed attachment; or

J.   Was otherwise negligent.

24.   As a direct and proximate result of one or more of the foregoing acts and/or omissions, GABRIELA CEDILLO was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has been damaged in her capacity to earn a living; has incurred and will in the future incur expenses for medical services, all of which are permanent in nature.

WHEREFORE, Plaintiff, RUDOLFO CEDILLO, as Guardian of the Estate of GABRIELA CEDILLO, a Disabled Person, demands judgment against Defendant, Nicholas Rafferty, in an amount of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

**Count VI**
**(Negligence- Nicholas Jamison)**

1.   Prior to September 1, 2010 and specifically in June 2010, plaintiff, a disabled person, Gabriella Cedillo, had agreed to work as an "extra" on the set of the Transformers 3 movie while it was being filmed in the Chicagoland area.

2.   Between approximately July 16, 2010 and September 1, 2010, defendant Paramount Pictures filmed the Transformers 3 movie in Chicago, Cook County, Illinois.

3.   Prior to September 1, 2010, defendant Paramount Pictures had obtained over 20 permits from the City of Chicago to film portions of the Transformers 3 movie in the City of Chicago, Cook County, Illinois.

4.   Between approximately July 16, 2010 and September 1, 2010, defendants Allen Nolan-Cohn, Nicholas Rafferty and Nicholas Jamison applied for the aforementioned permits.

5.   On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting as the agents and/or employees of Paramount Pictures.

6.   On and prior to September 1, 2010, defendants D.W. Studio Productions LLC, Allen Nolan-Cohn, Nicholas Rafferty, Nick Jamison and Film Industry Location Management Services and each of them were acting in the course and scope of their agency and/or employment relationship with defendant Paramount Pictures.

7.   On and prior to September 1, 2010, defendant Nicholas Jamison owed a duty of care for the safety of the individuals working on its sets during the film production of Transformers 3 including Gabriela Cedillo and all "extras".

8.   On and prior to September 1, 2010, defendant Nicholas Jamison owed a duty of care to properly train and safeguard "extra" personnel utilized in the filming of the Transformers 3 movie.

9.   On and prior to September 1, 2010, defendant Nicholas Jamison required that certain "extras", including Gabriela Cedillo, who worked on the Transformers 3 movie set utilize their own vehicles.

10.  On September 1, 2010, defendants Paramount Pictures, D. W. Studio Production, LLC and/or Film Industry Location Management Services a/k/a "F.I.L.M.S." filmed a scene in Hammond, Indiana on Cline Avenue.

11.  On September 1, 2010, Gabriela Cedillo was an "extra" on the Transformers 3 movie set as aforesaid.

18

12.    On September 1, 2010 and at all relevant times, Gabriela Cedillo was using her own car and acted as instructed by the defendant Paramount Pictures crew.

13.    On and prior to September 1, 2010, Gabriela Cedillo assumed no risk of injury in performing her duties as an extra on the Transformers 3 movie set.

14.    On September 1, 2010 and during the filming of a scene on Cline Avenue, a stunt car was being pulled by the use of a cable extended from a flatbed truck.

15.    On September 1, 2010, the aforesaid steel cable which pulled the stunt car was attached by a welded metal bracket to the rear axle of the stunt car.

16.    On and prior to September 1, 2010, defendants Paramount Picures, D. W. Studio Productions LLC and/or Ryerson, Inc. by and through its agents and employees welded a metal bracket on to the bottom of the aforesaid stunt car.

17.    On September 1, 2010, defendants Paramount Pictures and/or D. W. Studio Productions LLC as part of a scene in the film intentionally crashed the aforesaid stunt car at a speed in excess of 50 mph. by a violent pulling of the cable connections.

18.    On September 1, 2010, defendant Nicholas Jamison knew or should have known that the crashing of a stunt car within 50 feet of "extras", including Gabriela Cedillo, or other film crew personnel posed a significant safety risk.

19.    On September 1, 2010, defendant Nicholas Jamison knew or should have known that crashing a stunt car at over 50 mph within 50 fee of "extras" or other film persons could cause injury or bodily harm to the individuals on the set.

20.    On September 1, 2010, and during the aforesaid stunt, the metal welding on the bracket of the stunt car separated and caused a metal portion to become dislodged and airborne.

21.    On September 1, 2010, the stunt car traveled eastbound and Gabriela Cedillo traveled westbound and the distance between them closed to within 50 feet of one another.

22.    On September 1, 2010, the aforesaid metal bracket portion involved traveled into the motor vehicle operated by Gabriela Cedillo, striking her and causing her serious personal injuries.

23.    On or about September 11, 2010, defendant Nicholas Jamison was negligent in one or more of the following respects with respect to his status as a location manager and otherwise:

     A.    Failed to properly weld the metal bracket to the stunt car; or

     B.    Failed to utilize the appropriate materials to weld the metal bracket on the stunt

19

car; or

C.   Failed to provide adequate safety precautions for personnel on the set including Gabriela Cedillo during the filming of Transformers 3; or

D.   Failed to keep all personnel on the Transformers 3 set at a safe distance from any foreseeable moving parts; or

E.   Failed to draft, implement and enforce proper safety procedures to protect personnel on the set; or

F.   Allowed a stunt car to be pulled at a speed in excess of 50 mph and then intentionally crashed the stunt car such that extras including Gabriela Cedillo would be in close proximity to the crashing vehicles involved; or

G.   Allowed untrained extras to drive their own vehicles within close proximity to a violent stunt involving large vehicles; or

H.   Failed to properly design their bracket attachment; or

I.   Used an improperly designed attachment; or

J.   Was otherwise negligent.

24.   As a direct and proximate result of one or more of the foregoing acts and/or omissions, GABRIELA CEDILLO was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has been damaged in her capacity to earn a living; has incurred and will in the future incur expenses for medical services, all of which are permanent in nature.

WHEREFORE, Plaintiff, RUDOLFO CEDILLO, as Guardian of the Estate of GABRIELA CEDILLO, a Disabled Person, demands judgment against Defendant, Nicholas Jamison, in an amount of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

20

## Count VII
### (Ryerson, Inc.)

1.    Prior to September 1, 2010 and specifically in June 2010, plaintiff, a disabled person, Gabriella Cedillo, had agreed to work as an "extra" on the set of the Transformers 3 movie while it was being filmed in the Chicagoland area.

2.    On and prior to September 1, 2010, defendant Ryerson Inc. was involved in assisting in the preparation of stunt cars utilized for the Transformers 3 movie.

3.    On and prior to September 1, 2010, defendant Ryerson Inc. participated in the design of the welding utilized on the brackets of the stunt cars for the Transformers 3 movie.

4.    On and prior to September 1, 2010, defendant Ryerson provided the facility for stunt car preparations.

5.    Between August 29, 2010 and September 1, 2010, Ryerson Inc. together with agents and employees of Paramount Pictures were involved in assisting in the preparation of stunt cars at issue in this case at their facilities.

6.    On and prior to September 1, 2010, Ryerson Inc. owed a duty of care to properly assist in the preparation of the stunt cars for use.

7.    On September 1, 2010, defendant Paramount Pictures filmed a scene in Hammond, Indiana on Cline Avenue.

8.    On September 1, 2010, Gabriela Cedillo was an "extra" on the Transformers 3 movie set as aforesaid.

9.    On September 1, 2010 and at all relevant times, Gabriela Cedillo was using her own car and acted as instructed by the defendant Paramount Pictures crew.

10.   On and prior to September 1, 2010, Gabriela Cedillo assumed no risk of injury in performing her duties as an extra on the Transformers 3 movie set.

11.   On September 1, 2010 and during the filming of a scene on Cline Avenue, a stunt car was being pulled by the use of a cable extended from a flatbed truck.

12.   On September 1, 2010, the aforesaid steel cable which pulled the stunt car was attached by a welded metal bracket to the rear axle of the stunt car.

13.   On and prior to September 1, 2010, defendant Paramount Pictures by and through its agent and employees welded a metal bracket on to the bottom of the aforesaid stunt car.

14.   On September 1, 2010, defendant Paramount Pictures crashed the aforesaid stunt car at a

speed in excess of 50 mph. by violent pulling of the cable connections.

15. On September 1, 2010, defendant Paramount Pictures knew or should have known that the intentional crashing of a stunt car within 50 feet of "extras", including Gabriela Cedillo, or other film crew person posed a significant safety risk.

16. On September 1, 2010, defendant Paramount Pictures knew or should have known that intentionally crashing a stunt car at over 50 mph within 50 fee of "extras" or other film persons could cause injury or bodily harm to the individuals on the set.

17. On September 1, 2010, and during the aforesaid stunt, the metal welding on the bracket of the stunt car separated and caused a metal piece to become dislodged and airborne.

18. On September 1, 2010, the stunt car traveled within 50 feet of the motor vehicle operated by Gabriela Cedillo.

19. On September 1, 2010, the aforesaid metal piece traveled into the motor vehicle operated by Gabriela Cedillo, striking her and causing her serious personal injuries.

20. On or about September 1, 2010 and before, defendant Ryerson Inc.was negligent in one or more of the following respects:

    A.    Failed to properly assist in the preparation of the stunt cars involved; or

    B.    Failed to properly make welds to the stunt car; or

    C.    Failed to utilize the appropriate materials to weld the metal bracket on the stunt car; or

    D.    Failed to properly design their bracket attachment; or

    E.    Used an improper design attachment; or

    F.    Was otherwise negligent.

21. As a direct and proximate result of one or more of the foregoing acts and/or omissions, GABRIELA CEDILLO was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has been damaged in her capacity to earn a living; has incurred and will in the future incur expenses for medical services, all of which are permanent in nature.

    WHEREFORE, Plaintiff, RUDOLFO CEDILLO, as Guardian of the Estate of GABRIELA CEDILLO, a Disabled Person, demands judgment against Defendant, Ryerson Inc., in an amount of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall represent fair and just compensation.

Respectfully Submitted,

By: _____
    One of His Attorneys

Todd A. Smith
Devon C. Bruce
Power, Rogers & Smith
70 West Madison, #5500
Chicago, IL 60602
Tel: 312/236-9381
Fax: 312/236-0920

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ADOLFO ROMO, as Guardian of the          )
Estate of GABRIELA CEDILLO, a Disabled   )
Person,                                  )
                                         )
        Plaintiff,                  )          2010L011309
                                         )          CALENDAR/ROOM F
v.                                       )   No. ___ TIME 00:00
                                         )          PI Other
PARAMOUNT PICTURES, D.W. STUDIO          )
PRODUCTIONS LLC, FILM INDUSTRY           )
LOCATION MANAGEMENT SERVICES a/k/a       )
"F.I.L.M.S.", ALLEN NOLAN- COHN,         )
NICHOLAS RAFFERTY, NICHOLAS              )
JAMISON and RYERSON INC.,                )
                                         )
        Defendants.                 )

## AFFIDAVIT

Now comes the Affiant, DEVON C. BRUCE, being first duly sown, on oath, states:

1.     I am counsel for the plaintiffs in the above cause.

2.     I am familiar with the facts of the above cause.

3.     I have reviewed the available information relating to the money damages in the above matter.

4.     Based on information and belief, the total money damages sought in the above cause are worth in excess of Fifty Thousand Dollars ($50,000.00).

Further Affiant Sayeth Not.

                                 By: _____
                                      Todd A. Smith

Subscribed and Sworn to before me this
_____ day of October, 2010.

_____
NOTARY PUBLIC

OFFICIAL SEAL
STACEY DALTON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/08/14

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ADOLFO ROMO, as Guardian of the )
Estate of GABRIELA CEDILLO, a Disabled )
Person, )
                       )
        Plaintiff, )
                       )
v. )     No. _____
                       )
PARAMOUNT PICTURES, D.W. STUDIO )
PRODUCTIONS LLC, FILM INDUSTRY )
LOCATION MANAGEMENT SERVICES a/k/a )
"F.I.L.M.S.", ALLEN NOLAN- COHN, )
NICHOLAS RAFFERTY, NICHOLAS )
JAMISON and RYERSON INC., )
                       )
        Defendants. )

2010L011309
CALENDAR/ROOM F
TIME 00:00
PI Other

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

POWER ROGERS & SMITH, P.C.

By: _Todd A. Smith_____
         Todd A. Smith

Todd A. Smith
Devon C. Bruce
POWER ROGERS & SMITH #31444
70 W. Madison Street, Suite 5500
Chicago, IL 60602
312-236-9381
Attorneys for Plaintiff

# EXHIBIT

# -B-