# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ADOLFO ROMO, as Guardian of the Estate of GABRIELA CEDILLO, a Disabled Person, | ) ) ) ) | |
| Plaintiff, | ) ) ) ) ) | 10 C 6904 <br><br> Judge Ronald A. Guzmán |
| PARAMOUNT PICTURES, DW STUDIO PRODUCTIONS LLC, FILM INDUSTRY LOCATION MANAGEMENT SERVICES a/k/a "F.I.L.M.S.," ALLEN NOLAN-COHN NICHOLAS RAFFERTY, NICHOLAS JAMISON, and RYERSON, INC., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In September 2010, Gabriella Cedillo was working as an "extra" on the Transformers 3 movie location in Hammond, Indiana when she was seriously injured by a bracket that became dislodged from a stunt car during filming. Plaintiff filed suit on her behalf in state court against Paramount Pictures, D.W. Studio Productions, LLC, Ryerson, Inc., Allen Nolan-Cohn, Nicholas Rafferty and Nicholas Jamison.[1] Subsequently, Paramount and DW removed the suit, arguing that plaintiff sued Ryerson, Nolan-Cohn, Rafferty and Jamison, who are Illinois citizens, to defeat

---

[1] Plaintiff also named Film Industry Location Management Services ("FILMS"), the sole proprietorship operated by Nolan-Cohn, as a defendant. (*See* Am. Mem. Supp. Notice Removal, Ex. A, Nolan-Cohn Decl. ¶ 3.) Because "a sole proprietorship has no legal identity separate from that of the individual who owns it," Nolan-Cohn is FILMS. *Vernon v. Schuster*, 688 N.E.2d 1172, 1176-77 (Ill. 1997)

diversity jurisdiction. The case is before the Court on plaintiff's motion to remand. For the reasons set forth below, the Court grants the motion.

**Discussion**

"[A]lthough a plaintiff is normally free to choose [his] own forum, [he] may not [fraudulently] join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). A party has been fraudulently joined if there is no reasonable possibility that the plaintiff could assert a viable state law claim against him, even if all questions of law and fact are resolved in plaintiff's favor. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

To state a claim for negligence under Illinois law, plaintiff must allege that defendants had a duty to Cedillo, they breached that duty and Cedillo was injured as a result. *McLean v. Rockford Country Club*, 816 N.E.2d 403, 407 (Ill. App. Ct. 2004). Plaintiff alleges that Ryerson and the individual defendants had a duty to protect Cedillo from harm because they managed the Hammond location or prepared the stunt car that caused her injuries. (Compl., Parties ¶¶ 5, 7.) Plaintiff says defendants breached that duty by failing to take adequate measures to protect Cedillo from the dangers posed by the car crash stunt. (Compl., Count III ¶¶ 7-9, 18-24; *id.*, Count IV ¶¶ 7-9, 18-23; *id.*, Count V ¶¶ 7-9, 18-23; *id.*, Count VI ¶¶ 7-9, 18-23; *id.*, Count VII ¶¶ 7-9, 18-23.)

Despite these allegations, defendants have established that Ryerson had no duty to protect Cedillo from harm. *Ziemba v. Mierzwa*, 566 N.E.2d 1365, 1366-67 (Ill. 1991) ("Whether a duty exists is a question of law . . . ."); *see Forsythe v. Clark USA, Inc.*, 864 N.E.2d 227, 238 (Ill. 1997) ("[The] touchstone of this court's duty analysis is to ask whether a plaintiff and a defendant stood

in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff." (quotation omitted)). Ryerson asserts, without contradiction by plaintiff, that: (1) its subsidiary, Joseph T. Ryerson & Son, Inc. ("JTR") rented space to defendant D.W. Studio Productions, LLC; (2) Ryerson and JTR are separate corporate entities; and (3) Ryerson is not a party to the lease between JTR and DW or involved in any other way with the Transformers 3 film. (*See* Am. Mem. Supp. Notice Removal, Ex. D, Rohde Decl. ¶¶ 3-14; *id.*, Ex. D1, Rental Agreement JTR & DW.) Thus, even if the lease somehow exposed JTR to liability in this suit, a dubious proposition, that exposure would not, given the undisputed evidence before the Court, extend to Ryerson. *Forsythe*, 864 N.E.2d at 237 (holding that a parent company can be held liable for an injury caused by its subsidiary only if the parent "specifically direct[ed]" the subsidiary to take the tortious action and "[the] injury [was] foreseeable").

The same is true for Rafferty and Jamison. Rafferty, who was the Key Assistant Location Manager, went on one scouting trip to Hammond in December 2009 and helped get a permit to film there. (Am. Mem. Supp. Notice Removal, Ex. B, Rafferty Decl. ¶¶ 4-6.) But he did not manage the location, prepare the stunt car, design or execute the stunt, was not on site during filming and did not give direction to anyone who was. (*Id.* ¶¶ 4-8.) Jamison, who was the Assistant Location Manager, worked primarily on obtaining permits for aerial stunts, which were not filmed in Hammond. (*Id.*, Ex. C, Jamison Decl. ¶¶ 4-6.) As a result, he did not scout the Hammond site, work on the permits for it or attend the filming there, let alone prepare, design, execute or give direction to anyone involved in the stunt that injured Cedillo. (*Id.* ¶¶ 4-8.) Given these unrebutted statements, there is no reasonable possibility that Rafferty or Jamison could be held liable in this suit. *See Ziemba*, 566 N.E.2d at 1366-67 (stating that a court determines whether a duty exists "by weigh[ing]

3

the foreseeability that defendant's conduct will result in injury to another and the likelihood of an injury occurring, against the burden to defendant of imposing a duty, and the consequences of imposing this burden").

The situation is different for Nolan-Cohn. He was the Chicago Location Manager and, as such, "identif[ied and managed] suitable locations . . . for filming," including the one in Hammond. (*See* Am. Mem. Supp. Notice Removal, Ex. A, Nolan-Cohn Decl. ¶¶ 5-6.) One factor Nolan-Cohn says he considers in evaluating a location is whether it has "preexisting hazards such as the presence of asbestos, lead paint, hazardous waste, unmarked exits or other conditions." (Defs.' Opp'n Mot. Remand, Ex. A, Nolan-Cohn Aff. ¶ 4.) Nolan-Cohn does not, however, say what other factors he considered before selecting the Hammond site or describe the factors that he or other location managers typically consider in making such selections. Without such evidence, the Court cannot say as a matter of law that Nolan-Cohn had no duty to Cedillo, and thus cannot reasonably be held liable in this suit. *Ziemba*, 566 N.E.2d at 1366-67; *see Cincinnati Ins. Co. v. Prod. Design Prods. Inc.*, No. 06- CV-915 JPG, 2007 WL 1021975, at *4 (S.D. Ill. Apr. 3, 2007) (noting the "fact-driven" nature of the duty determination).

In short, defendants have not shown that plaintiff fraudulently joined Nolan-Cohn to this suit. Because his presence as a defendant destroys complete diversity, the Court grants plaintiff's motion to remand.

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion to remand [doc. no. 38] and orders the Clerk of the Court to remand this suit to the Circuit Court of Cook County. This case is terminated.

**SO ORDERED.**                                 **ENTERED:**

**May 4, 2011**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**